**In re William T. FALLER and Michelle Faller, Debtors.**

**BORG–WARNER ACCEPTANCE CORP., Plaintiff,**

v.

**William T. FALLER, et al., Defendants.**

**Bankruptcy No. B84–01038.**
**Adv. No. B84–0520.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Jan. 30, 1985.

Kenneth B. Baker, Javitch & Eisen Co., L.P.A., Cleveland, Ohio, for plaintiff.

Mary Jane Trapp, Stein, Trapp & Associates Co., L.P.A., Cleveland, Ohio, for defendants-debtors.

## MEMORANDUM OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came on for hearing upon the complaint of Borg-Warner Acceptance Corp. ("Borg-Warner") to determine the dischargeability of a debt due by defendants-debtors, William T. Faller and Michelle Faller. At the close of plaintiff's evidence, all counts of the complaint were dismissed as to Michelle Faller, and a directed verdict was granted in favor of William T. Faller ("Faller") on plaintiff's complaint to deny discharge under section 727(a)(3) of the Bankruptcy Code for failure to maintain adequate books and records. What remains for consideration by this court is plaintiff's complaint under section 523(a)(6) of the Bankruptcy Code to hold Faller's debt to Borg-Warner nondischargeable, on the grounds that Faller willfully converted property subject to Borg-Warner's security interest. From the evidence and briefs of counsel, this Court makes the following findings of fact and conclusions of law.

Faller is a furniture sales consultant who has owned and operated various furniture stores as a sole proprietor or a substantial shareholder in several corporations. Borg-Warner financed the inventories of Faller's stores, acquiring security interests in the inventories and personal guarantees from the Fallers. The relationship between Faller and Borg-Warner was ongoing from 1980 to September, 1983. Faller's primary duties in the various stores were sales, marketing and promotion.

One entity in which Faller was involved was a Pennsylvania corporation known as Interiors By Design, Inc. ("IBD"). Faller was a 50 percent shareholder of IBD, along with Harry Evanko. Borg-Warner held a security interest in IBD's inventory and a UCC–1 filing was made in October, 1981.

Advance Discount Furniture was a sole proprietorship owned by Faller and operating in Pennsylvania. In December, 1981, Faller granted Borg-Warner a security interest in "all inventory and accounts receivable" of Faller doing business as Advance Discount. This was done, in part, to secure financing for IBD. A UCC–1 finding was also made in Borg-Warner's favor. In addition, William T. Faller and Michelle Faller signed personal guarantees for these advances.

In 1982, Borg-Warner began experiencing difficulty with the IBD account. In an attempt to recover its outstanding balance, Borg-Warner liquidated the inventory of IBD and of two other businesses, Rollins

and Jouret's, Inc., in which Faller held the primary interest. After liquidation, IBD still owed Borg-Warner approximately $46,000.

■ C Furniture Corporation was an Ohio corporation doing business in Cleveland as successor to Century Furniture, a sole proprietorship operated by Faller until August, 1981. The C Furniture Corporation ceased doing business in June, 1982. Borg-Warner had security agreements and UCC–1 filings for both Century Furniture and C Furniture Corporation. Sometime in 1982, Advance Discount's inventory was liquidated by Faller and shipped to C Furniture Corporation. Although conflicting testimony was introduced as to whether Faller told Borg-Warner he was transferring Advance Discount's inventory to C Furniture Corporation, Borg-Warner had perfected security interests in the inventory of both stores. Faller testified Borg-Warner had notice the inventory was transferred, and that he had regular contact with Nicholas Arrington, the general manager of Borg-Warner's Pittsburgh office. Arrington denies having been notified, but the fact remains that Borg-Warner's security interest in Advance-Discount's inventory was still perfected when that inventory was transferred to C Furniture Corporation.

Although counsel for Borg-Warner argued, and witnesses for Borg-Warner testified, that Faller misrepresented the value of the inventory, no evidence of the actual value was ever introduced. Borg-Warner did not conduct an appraisal of the inventory, and when it found that the inventory had been transferred, Borg-Warner never requested an audit or an accounting from Faller. Borg-Warner has simply failed to meet its burden of establishing that Faller concealed, or diverted for an improper use, the inventory of the Advance Discount store.

■ The second transfer of inventory which Borg-Warner alleges constituted conversion occurred later in 1982, when C Furniture Corporation ceased doing business. At that time, the remaining inventory of C Furniture Corporation was assumed by U.S. Freight Liquidators, Inc., an Ohio corporation in which Faller was an officer and a shareholder. U.S. Freight Liquidators, Inc. operated in the same location as C Furniture Corporation, but Borg-Warner had no general security interest or UCC–1 filing with regard to U.S. Freight Liquidators, Inc.

Borg-Warner maintains that Faller's transfer of inventory to U.S. Freight Liquidators, Inc. constitutes conversion, since Borg-Warner lost its security interest in the inventory. The simple answer to this aspect of Borg-Warner complaint is that it is based on a misinterpretation of the Ohio Uniform Commercial Code. Under section 1309.25(B) of the Ohio Revised Code:

> Except where sections 1309.01 to 1309.50 of the Revised Code otherwise provide, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

When C Furniture Corporation's inventory was transferred to U.S. Freight Liquidators, Inc., the inventory so transferred remained subject to Borg-Warner's security interest.

Since Borg-Warner has failed to show conversion by Faller, either in transferring inventory from Advance Discount to C Furniture Corporation or in transferring inventory from C. Furniture Corporation to U.S. Freight Liquidators, Inc., the debt due Borg-Warner is dischargeable.